```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 10-23934-CIV-KING
                              MAGISTRATE P. A. WHITE

LEROY TERRY,                  :

        Plaintiff,            :

v.                            :     REPORT OF
                                    MAGISTRATE JUDGE
JUAN MONSERRATE, et al.,      :

        Defendants.           :
_____
```

I.   Introduction

The pro-se plaintiff, Leroy Terry, filed a pro-se civil rights complaint pursuant to Bivens v Six Unknown Agents of the Federal Bureau of Narcotics,[1] 403 US 388 (1971), claiming that the he was denied adequate medical treatment at the Miami Federal Prison Camp. The plaintiff seeks injunctive relief and monetary damages. He has paid the full filing fee.

---

[1]Under certain circumstances, federal officials, or those acting under color of federal law, may be sued for the deprivation of federal constitutional rights. In Bivens, the Supreme Court established that victims of a constitutional violation by a federal official may recover damages against that official in federal court despite the absence of any statute conferring such right. Such action is brought pursuant to 28 U.S.C. §1331 and the applicable provisions of the United States Constitution. "The effect of Bivens was, in essence, to create a remedy against federal officers, acting under color of federal law, that was analogous to the section 1983 action against state officials." Dean v. Gladney, 621 F.2d 1331, 1336 (5 Cir. 1980), cert. denied sub nom. Dean v. County of Brazoria, 450 U.S. 983 (1981).

II. <u>Analysis</u>

Because the plaintiff paid the Clerk's full filing fee, this complaint must be reviewed pursuant to 28 U.S.C. §1915A. 28 U.S.C. §1915(A) provides that this Court must review all civil complaints in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  See <u>In re Prison Litigation Reform Act</u>, 105 F.3d 1131, 1134 (6 Cir. 1997) (noting that "[d]istrict courts are required to screen [pursuant to section 1915A] all civil cases brought by prisoners, <u>regardless of whether the inmate paid the full filing fee</u>, is a pauper, is <u>pro se</u>, or is represented by counsel, as the statute does not differentiate between civil actions brought by prisoners").

> This statute provides, in relevant part:
>
> Sec. 1915A. Screening
>    (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
>    (b) Grounds for Dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint if the complaint–
>
>       (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>       (2) seeks monetary relief from a defendant who is immune from such relief.

2

>    (c) Definition.--As used in this section, the term prisoner means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915A or Fed.R.Civ.P. 12(b)(6) or (c). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). When reviewing complaints pursuant to 28 U.S.C. §1915A, the Court must apply the standard of review set forth in Fed.R.Civ.P. 12(b)(6), and the Court must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom.

This is a civil rights action pursuant to 42 U.S.C. §1983. Such actions require the deprivation of a federally protected right by a person acting under color of state law. See 42 U.S.C. §1983; Polk County v. Dodson, 454 U.S. 312 (1981); Whitehorn v. Harrelson, 758 F.2d 1416, 1419 (11 Cir. 1985). In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998),See: Whitehorn, 758 F.2d at 1419 id. Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."'

3

Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992).

The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face.  See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); Twombly applies to §1983 prisoner actions.  See Douglas v. Yates, 535 F.3d 1316, 1321 (11 Cir. 2008). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  Second, the Court must determine whether the complaint states a plausible claim for relief.  Id. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct

4

occurred.[2]

### Statement of Claims

The plaintiff, now released to the Salvation Army Residential Re-Entry Center, contends that Dr. Monserrate, prior Health Service Administrator Bonet, current Administrator Alvarez, Warden Atkinson and Regional Director Holt, along with Lappin, Director of the Bureau of Prisons, are responsible for his lack of adequate medical treatment.

The plaintiff states that in August of 2008, while a federal prisoner, he suffered an injury to his left knee. He reported the incident to his work supervisor and was sent to the Medical Department. He was provided a pass prohibiting him from prolonged standing and strenuous activity. In September he experienced continued pain and was provided with a knee brace. He continued to complain of pain through June of 2009, when he began filing grievances. Warden Atkinson responded, stating that studies of his left knee revealed negative findings. This response was adopted by Director Holt, who stated that he had a negative diagnosis, except for minimal arthritis.

The plaintiff filed multiple grievances in 2010, and Alvarez was sent a copy. In July of 2010, he contents that Lappin responded, stating that the plaintiff suffered a tear of the meniscus, but he allegedly failed to ensure he received the necessary medical surgery.

---

[2] The application of the Twombly standard was clarified in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

5

In September of 2010 he was seen by an Orthopedist, who injected his knees, and recommended surgery. He states that the recommendation for surgery was denied.

Analysis and Law

The plaintiff alleges that the defendants violated his Eighth Amendment rights and were deliberately indifferent to his serious medical needs by not providing him with adequate pain medication and surgery.

The Eighth Amendment prohibits any punishment which violates civilized standards of decency or "involve[s] the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 102-03 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173(1976)); see also Campbell v. Sikes, 169 F.3d 1353, 1363 (11 Cir. 1999). "However, not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.'" McElligott v. Foley, 182 F.3d 1248, 1254 (11 Cir. 1999) (citation omitted). An Eighth Amendment claim contains both an objective and a subjective component. Taylor v. Adams, 221 F.3d 1254, 1257 (11 Cir. 2000); Adams v. Poag, 61 F.3d 1537, 1543 (11 Cir. 1995). First, a plaintiff must set forth evidence of an objectively serious medical need. Taylor, 221 F.3d at 1258; Adams, 61 F.3d at 1543. Second, a plaintiff must prove that the prison official acted with an attitude of "deliberate indifference" to that serious medical need. McElligott, 182 F.3d at 1254; Campbell, 169 F.3d at 1363. The objective component requires the plaintiff to demonstrate that he has been subjected to specific deprivations that are so serious that they deny him "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981); see also Hudson v. McMillian, 503 U.S. 1, 8-9 (1992).

A serious medical need is considered "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11 Cir. 1994) (quotation marks and citation omitted).  The subjective component requires the plaintiff to demonstrate that the prison officials acted wantonly, with deliberate indifference to the plaintiff's serious needs. See Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).  Deliberate indifference is the reckless disregard of a substantial risk of serious harm; mere negligence will not suffice. Id. at 835-36.  Consequently, allegations of medical malpractice or negligent diagnosis and treatment fail to state an Eighth Amendment claim of cruel and unusual punishment. See Estelle, 429 U.S. at 106.  The inadvertent or negligent failure to provide adequate medical care "cannot be said to constitute 'an unnecessary and wanton infliction of pain.'" Estelle, 429 U.S. at 105-06; Wilson, 501 U.S. at 298.

The Eleventh Circuit has provided guidance concerning the distinction between "deliberate indifference" and "mere negligence." For instance, "an official acts with deliberate indifference when he knows that an inmate is in serious need of medical care, but he fails or refuses to obtain medical treatment for the inmate." Lancaster v. Monroe County, 116 F.3d 1419, 1425 (11 Cir. 1997).  The "deliberate indifference" standard may be met in instances where a prisoner is subjected to repeated examples of delayed, denied, or grossly incompetent or inadequate medical care; prison personnel fail to respond to a known medical problem; or prison doctors take the easier and less efficacious route in treating an inmate. See, e.g., Waldrop v. Evans, 871 F.2d 1030,

1033 (11 Cir. 1989).

Allegations that raise only claims of mere negligence, neglect, or medical malpractice are insufficient to recover on a §1983 claim. Estelle v. Gamble, supra. In fact, once an inmate has received medical care, courts are hesitant to find that an Eighth Amendment violation has occurred. Hamm, supra. Treatment violates the Eighth Amendment only if it involves "something more than a medical judgment call, an accident, or an inadvertent failure," Murrell v. Bennett, 615 F.2d 306, 310 n. 4 (5 Cir. 1980). It must be "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Rogers v. Evans, supra at 1058.

Moreover, the Courts have long recognized that a difference of opinion between an inmate and the prison medical staff regarding medical matters, including the diagnosis or treatment which the inmate receives, cannot in itself rise to the level of a cause of action for cruel and unusual punishment, and have consistently held that the propriety of a certain course of medical treatment is not a proper subject for review in a civil rights action. Estelle v. Gamble, supra, at 107 ("matter[s] of medical judgment" do not give rise to a §1983 claim). See Ledoux v. Davies, 961 F.2d 1536 (10 Cir. 1992) (inmate's claim he was denied medication was contradicted by his own statement, and inmate's belief that he needed additional medication other than that prescribed by treating physician was insufficient to establish constitutional violation); Ramos v. Lamm, 639 F.2d 559, 575 (10 Cir. 1980) (difference of opinion between inmate and prison medical staff regarding treatment or diagnosis does not itself state a constitutional violation), cert. denied, 450 U.S. 1041 (1981); Smart v. Villar, 547 F.2d 112, 114 (10 Cir. 1976) (same); Burns v. Head Jailor of LaSalle County

8

Jail, 576 F.Supp. 618, 620 (N.D. Ill., E.D. 1984) (exercise of prison doctor's professional judgment to discontinue prescription for certain drugs not actionable under §1983).

The plaintiff demonstrated that he suffered from a tear of the meniscus and suffered pain for a long period of time. He alleges that Dr. Monserrate failed, delayed or refused to provide him with adequate medical treatment, resulting in extended pain and suffering. At this preliminary stage, it appears that the plaintiff has demonstrated deliberate indifference to his medical needs.

Defendants Bonet and Alvarez allegedly did not reply to his grievances, and appear to be named for their supervisory capacity. The Constitution does not entitle prisoners and pretrial detainees in state or federal facilities to grievance procedures, Adams v. Rice, 40 F.3d 72, 75 (4 Cir. 1994), cert. denied 514 U.S. 1022 (1995); Buckley v. Barlow, 997 F.2d 494, 495 (8 Cir. 1993); Flick v. Alba, 932 F.2d 728, 729 (8 Cir. 1991); Stewart v. Block, 938 F.Supp. 582, 588 (C.D. Cal. 1996); Brown v. Dodson, 863 F.Supp. 284, 285 (W.D. Va. 1994); and since even if a grievance mechanism has been created for the use of states inmates the mechanism involves a procedural right, not a substantive one, and it does not give rise to a liberty interest protected by the Due Process Clause, Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7 Cir. 1996); Hoover v. Watson, 886 F.Supp. 410, 418 (D. Del. 1995); Brown v. Dodson, supra at 285; and thus, if the state elects to provide a grievance mechanism, violations of its procedures, or even a failure to respond to the prison grievance, do not give rise to a §1983 claim, Buckley v. Barlow, supra, 997 F.2d at 495; Hoover v. Watson, supra, 886 F.Supp. at 418-19.

Further, these defendants were named in their supervisory

capacity. Liability cannot be predicated solely upon the doctrine of <u>respondeat superior</u>. <u>Monell v Department of Social Services</u>, 436 U.S. 658 (1978) Supervisory liability requires a causal connection between the actions of the supervisory official and the alleged deprivation. The plaintiff has failed to state a claim against these defendants, and they should be dismissed.

Lappin was also named in his supervisory capacity as the Director of the Federal Bureau of Prisons, located in Washington, D.C. The plaintiff states that Lappin responded to his grievance, acknowledging that he had a tear in his knee, but failed to ensure he received the proper medical treatment. The plaintiff refers to his Exhibit Q, which appears to be signed by Roberta Truman on behalf of Administrator Harrell Watts, acknowledging that the plaintiff had a tear of the miniscus and was receiving medical treatment. The plaintiff has failed to demonstrate that Lappin was directly responsible for denial of his medical treatment. <u>Monell v Department of Social Services</u>, <u>supra</u>.

Defendants Warden Atkinson and Director Holt, located in Atlanta, Georgia, responded to the plaintiff's complaints, based upon the medical studies done at the time, which revealed little damage other than minimal arthritis. The plaintiff has failed to demonstrate that these defendants, who are not medical doctors, deliberately ignored his medical needs. They should be dismissed from this suit.

The plaintiff seeks injunctive relief in the form of surgery. However, the plaintiff is no longer confined in the Federal Prison Camp, and his requests for injunctive relief must be directed to the doctors in his place of incarceration.

10

III. <u>Recommendation</u>

It is therefore recommended as follows:

1. The case shall proceed against Dr. Monserrate for lack of adequate medical treatment.

2. The remaining defendants shall be dismissed pursuant to 28 U.S.C. §1915(A)(b)(1), for failure to state a claim against them upon which relief may be granted.

3. The plaintiff's request for injunctive relief shall be dismissed.

An Order of Instructions shall be sent to the plaintiff advising him that he has paid the full filing fee and is responsible for obtaining service upon the defendant.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated this 11th April, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Leroy Terry, <u>Pro Se</u>
    Reg# 04424-052
    Salvation Army Re-Entry Center
    Address of record